IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:18-CR-204-D-6

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| MARQUI RAMANO GERALD ) | |
| ) | |
| Defendant. ) | |

On March 2, 2021, Marqui Ramano Gerald ("Gerald" or "defendant") moved pro se for compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5238–41 (2018) (codified as amended at 18 U.S.C. § 3582) [D.E. 499]. On April 20, 2021, Gerald, through counsel, filed a memorandum in support [D.E. 505]. On April 30, 2021, the government responded in opposition [D.E. 507]. On June 25, 2021, Gerald replied [D.E. 511]. As explained below, the court denies Gerald's motion.

I.

On January 7, 2019, pursuant to a written plea agreement, Gerald pleaded guilty to conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine. See [D.E. 242, 245]; [D.E. 325] 4–5. On April 16, 2019, the court held Gerald's sentencing hearing and adopted the facts set forth in the Presentence Investigation Report ("PSR"). See [D.E. 349, 357]. The court calculated Gerald's total offense level to be 27, his criminal history category to be III, and his advisory guideline range to be 87 to 108 months' imprisonment. The court also determined that the statutory mandatory minimum did not apply based on the application of the safety valve in 18 U.S.C. § 3553(f). After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court

sentenced Gerald to 87 months' imprisonment. See [D.E. 349] 2. The court also announced that even if it miscalculated the advisory guideline range, then it would impose the same sentence as an alternative variant sentence. Gerald did not appeal.

On December 21, 2018, the First Step Act went into effect. See First Step Act, 132 Stat. at 5249. Before the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for compassionate release. Under the First Step Act, a sentencing court may modify a sentence of imprisonment either upon a motion of the Director of the BOP "or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

After a defendant meets the exhaustion requirement, a defendant must (1) demonstrate "extraordinary and compelling reasons" for a sentence reduction, or (2) be at least 70 years old, have served at least 30 years in prison, and have the Director of the BOP determine that the defendant is not a danger to the safety of another person or the community. Id. In deciding to reduce a sentence under section 3582(c)(1)(A), a court must consult the sentencing factors in 18 U.S.C. § 3553(a) and must ensure that a sentence reduction is "consistent with applicable policy statements" of the United States Sentencing Commission (the "Commission"). Id.

The Commission policy statements include U.S.S.G. § 1B1.13. Section 1B1.13 essentially parrots section 3582(c)(1)(A)'s requirements and adds that the defendant not be "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Section 1B1.13's application notes provide examples of extraordinary and compelling reasons, including: (A) serious medical conditions of the defendant, (B) advanced age of the defendant when coupled with a serious deterioration in physical and mental health due to aging and having served at least 10 years or 75%

2

of his or her imprisonment term (whichever is less), (C) family circumstances, or (D) another extraordinary and compelling reason. See U.S.S.G. § 1B1.13 cmt. n.1.[1] Application note 2 states

---

[1] Application note 1 to U.S.S.G. § 1B1.13 states in full:

1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

   (A) Medical Condition of the Defendant.—

   (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

   (ii) The defendant is—

   (I) suffering from a serious physical or medical condition,

   (II) suffering from a serious functional or cognitive impairment, or

   (III) experiencing deteriorating physical or mental health because of the aging process,

   that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

   (B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

   (C) Family Circumstances.—

   (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

that "an extraordinary and compelling reason need not have been unforeseen at the time of sentencing to warrant a reduction in the term of imprisonment." U.S.S.G. § 1B1.13 cmt. n.2. Thus, the fact "that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement." Id. Application note 3 states, "[p]ursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." U.S.S.G. § 1B1.13 cmt. n.3.

The Commission has lacked a quorum since Congress enacted the First Step Act and has not updated U.S.S.G. § 1B1.13 to account for the First Step Act. Accordingly, section 1B1.13 does not provide a policy where an inmate files a motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). See, e.g., United States v. High, 997 F.3d 181, 186 (4th Cir. 2021); United States v. Kibble, 992 F.3d 326, 330–31 (4th Cir. 2021), cert. denied, No. 21-5624, 2021 WL 4733616 (U.S. Oct. 12, 2021); United States v. McCoy, 981 F.3d 271, 280–84 (4th Cir. 2020). Rather, "[section] 1B1.13 only applies when a request for compassionate release is made upon motion of the Director of the [BOP]." Kibble, 992 F.3d at 330–31. Nevertheless, section 1B1.13 provides informative policy when assessing an inmate's motion, but a court independently determines whether "extraordinary and compelling reasons" warrant a sentence reduction under 18 U.S.C. §

---

        (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

  (D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.

4

3582(c)(1)(A)(i). See High, 997 F.3d at 186; McCoy, 981 F.3d at 284. In doing so, the court consults not only U.S.S.G. § 1B1.13, but also the text of 18 U.S.C. § 3582(c)(1)(A) and the section 3553(a) factors. See, e.g., McCoy, 981 F.3d at 280–84; United States v. Jones, 980 F.3d 1098, 1101–03 (6th Cir. 2020); United States v. Gunn, 980 F.3d 1178, 1180–81 (7th Cir. 2020); United States v. Ruffin, 978 F.3d 1000, 1007–08 (6th Cir. 2020); United States v. Brooker, 976 F.3d 228, 237–38 (2d Cir. 2020); United States v. Clark, No. 1:09cr336-1, 2020 WL 1874140, at *2 (M.D.N.C. Apr. 15, 2020) (unpublished).

In his motion for compassionate release, Gerald contended he exhausted his administrative remedies before filing the motion. See [D.E. 499] 1–2; [D.E. 505]. The government responded that Gerald failed to exhaust his administrative remedies and sought dismissal of Gerald's motion on that ground. See [D.E. 507] 18; [D.E. 507-3]. Gerald moved for, and the court granted, an extension of time in order for Gerald to pursue administrative relief. See [D.E. 509, 510]. On June 25, 2021, Gerald replied to the government's response in opposition to Gerald's motion for compassionate release and asserted that he had petitioned the warden at FCI Bennettsville for compassionate release, and the warden had denied the request. See [D.E. 511] 1; [D.E. 511-1] (request for compassionate release); [D.E. 511-2] (response denying request). Gerald did not appeal this denial, but he refiled his reply in support of his motion for compassionate release [D.E. 511] on June 25, 2021, more than 30 days after his request to the warden on May 17, 2021 [D.E. 511-1]. See [D.E. 511] 1; [D.E. 511-2]; cf. United States v. Muhammad, No. 20-7520, 2021 WL 4888393, at *3–4 (4th Cir. Oct. 20, 2021). Accordingly, Gerald has satisfied the 18 U.S.C. § 3582(c)(1)(A) threshold requirement and the court addresses his motion on the merits.

Gerald seeks compassionate release pursuant to section 3582(c)(1)(A). In support of his request, Gerald cites the COVID-19 pandemic, the spread of COVID-19 within the Bureau of

5

Prisons ("BOP"), his age (50), his history of smoking, his release plan, and his rehabilitation efforts. See [D.E. 499] 4–8; [D.E. 505] 3–5, 7–9; [D.E. 511] 3–5.

As for the medical condition of the defendant policy statement, the policy statement requires that the defendant is "suffering from a serious physical or medical condition . . . from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii). Although Gerald states that he has a history of smoking, such a history does not qualify as a "serious physical or medical condition" or something that he cannot get adequately treated while he serves his sentence.[2] Accordingly, reducing Gerald's sentence is not consistent with application note 1(A). See 18 U.S.C. § 3582(c)(1)(A). Nonetheless, a history of smoking is a risk factor for severe COVID-19 infection. See Centers for Disease Control, Groups At Risk for Severe Illness, available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Nov. 10, 2021). Thus, the court considers the combination of smoking history and exposure to COVID-19 under the "other reasons" policy statement.

As for the "other reasons" policy statement, the court assumes without deciding that the COVID-19 pandemic, Gerald's history of smoking, his rehabilitation efforts, and his release plan are extraordinary and compelling reasons under section 3582(c)(1)(A). Cf. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."). However, Gerald is fully vaccinated against COVID-19, see [D.E. 507-1], which

---

[2] The government notes that Gerald's history of smoking is not reflected in his medical records. See [D.E. 507] 20; [D.E. 507-1]. The court takes Gerald's assertion of smoking history as true for the sake of argument.

6

diminishes the risk associated with COVID-19 and, therefore, the weight of the assumption. Cf. Broadfield, 5 F.4th at 803; Baeza-Vargas, 2021 WL 1250349, at *2–4. Regardless, the section 3553(a) factors counsel against reducing Gerald's sentence. See High, 997 F.3d at 187–91; Kibble, 992 F.3d at 331–32; United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020); Clark, 2020 WL 1874140, at *3–8.

Gerald is 50 years old and participated in a sophisticated drug trafficking conspiracy from 2014 to 2018. See PSR [D.E. 325] ¶ 54. Gerald's participation escalated to the point that he was distributing a kilogram of cocaine each month. See id. ¶ 46. Gerald distributed more than 25 kilograms of cocaine in eastern North Carolina. See id. ¶ 54. However, Gerald had a minimal criminal history before his drug trafficking offense and did not play a supervisory or other aggravated role in the conspiracy. Cf. id. ¶¶ 58–65, 91. The court accounted for these mitigating factors in the court's 87 month sentence at the low end of his advisory guideline range. Gerald has made some rehabilitative efforts while incarcerated including participation in the RDAP program, taking multiple classes, and work as an orderly with the RDAP program. [D.E. 505] 3.

The court must balance the positive steps Gerald has taken with the seriousness of his criminal conduct and the other section 3553(a) factors. The court has considered Gerald's exposure to COVID-19, his smoking history, his rehabilitation efforts, and his release plan. Cf. Pepper v. United States, 562 U.S. 476, 480–81 (2011); High, 997 F.3d at 187–91; United States v. McDonald, 986 F.3d 402, 412 (4th Cir. 2021); United States v. Martin, 916 F.3d 389, 398 (4th Cir. 2019). The court also recognizes that Gerald has a supportive family and qualifications for employment upon release. See [D.E. 505] 7. Having considered the entire record, the extensive steps that the BOP has taken to address COVID-19, the section 3553(a) factors, Gerald's arguments, and the government's persuasive response, the court finds that to nearly halve Gerald's sentence would minimize the scope

7

of his criminal activity, fail to promote respect for the law, fail to deter criminal conduct, fail to protect society, and fail to incapacitate Gerald. See, e.g., Chavez-Meza v. United States, 138 S. Ct. 1959, 1966–68 (2018); High, 997 F.3d at 187–91; Ruffin, 978 F.3d at 1008–09; Chambliss, 948 F.3d at 693–94; United States v. Hill, No. 4:13-CR-28-BR, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished), aff'd, 809 F. App'x 161 (4th Cir. 2020) (per curiam) (unpublished). Therefore, the court declines to grant Gerald's motion for compassionate release.

II.

In sum, the court DENIES Gerald's motion for compassionate release [D.E. 499].

SO ORDERED. This 12 day of November, 2021.

JAMES C. DEVER III
United States District Judge